**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURMINDER SINGH, | No. 13-70442 |
| Petitioner, | Agency No. A071-948-095 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Gurminder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that even if Singh established past persecution, his presumption of well-founded fear of future persecution is rebutted by the reasonable possibility of internal relocation.  *See* 8 C.F.R. § 1208.13(b)(3)(ii); *see also Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999-1000 (9th Cir. 2003) (presumption of future fear rebutted).  We reject Singh's contention that the IJ did not conduct a sufficiently individualized analysis of his situation.  *See id* at 1000.  Thus, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, his withholding of removal claim necessarily fails.  *See Gonzalez-Hernandez*, 336 F.3d at 1001 n.5.

Finally, substantial evidence also supports the agency's denial of CAT relief because Singh failed to establish it is more likely than not he would be tortured if returned to India.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (likelihood of torture is speculative).  Singh's contention that the agency did not consider all of the evidence relevant to possibility of future torture is not supported by the record.  Thus, Singh's claim for protection under CAT fails.

**PETITION FOR REVIEW DENIED.**

13-70442